UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROGER JEAN LeBLANC, Individually and on behalf of All Others Similarly Situated | CIVIL ACTION |
| VS. | NO. 14-201-SDD-RLB<br>C/W 14-218-SDD-RLB |
| EXXON MOBIL CORPORATION, ET AL. | This Order pertains to all cases |

## ORDER

Before the court is Plaintiffs' joint motion to appoint interim class counsel on behalf of the putative class in these consolidated cases pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure. (R. Doc. 9).[1] The motion is unopposed. For the reasons discussed below, the motion is denied without prejudice.

Rule 23(g)(3) states: "The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Generally, courts will appoint interim class counsel only in the event that there are "a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated," with multiple attorneys vying for class counsel appointment. Federal Judicial Center, *Manual for Complex Litigation* § 21.11 (4th ed. 2004); *accord Deangelis v. Corzine,* 286 F.R.D. 220, 223 (S.D.N.Y. 2012) ("The designation of interim class counsel is especially encouraged in cases ... where there are multiple, overlapping class actions that require extensive pretrial coordination.") (quoting *In re LIBOR–Based Fin. Instruments Antitrust Litig.,* 2011 WL 5980198, at *2 (S.D.N.Y. Nov. 29, 2011)); *In re Bank of Am. Corp. Sec. Derivative &*

---

[1] The district judge granted the Plaintiffs' requested consolidation of the two actions but referred the motion to the extent it sought the entry of an Initial Case Management Order and the appointment of interim class counsel to the magistrate judge. (R. Doc. 18).

*ERISA Litig.,* 258 F.R.D. 260, 271–74 (S.D.N.Y. 2009) (appointing interim class counsel). In such circumstances, the appointment of interim class counsel can be a valuable case-management tool that also helps safeguard the interests of the class. *Manual for Complex Litigation* § 21.11. "If the lawyer who filed the suit is likely to be the only lawyer seeking appointment as class counsel, appointing interim class counsel may be unnecessary." *Id*.

In the motion, the parties represent that the entry of an order pursuant to Rule 23(g)(3) will "get the consolidated matter firmly rooted for efficient prosecution." (R. Doc. 9-1 at 4). They propose that these attorneys will coordinate discovery and other pretrial proceedings on behalf of the plaintiffs. The proposed attorneys to serve as interim co-lead class counsel, however, are the same as those in the two consolidated cases.[2] There are no other parallel cases involving any other named plaintiffs or any other attorneys. Accordingly, there are no overlapping, duplicative or competing suits that might be consolidated with this action at this time. The attorneys in these consolidated cases are working jointly and intend to continue to do so. There are currently no competing counsel whose roles might complicate the efficient management of this case or result in duplicative attorney work.

Accordingly, **IT IS ORDERED** that the plaintiffs' motion to appoint interim co-counsel is **DENIED** without prejudice to refile should the circumstances described above change.

Signed in Baton Rouge, Louisiana, on August 29, 2014.

  
**RICHARD L. BOURGEOIS, JR.**  
**UNITED STATES MAGISTRATE JUDGE**

---

[2] Eric J. O'Bell, O'Bell Law Firm, LLC; John H Smith, Smith Shanklin Sosa, LLC; Daniel E. Becnel Jr., Becnel Law Firm LLC; and Salvadore Christina, Jr., Becnel Law Firm LLC.