UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROGER JEAN LEBLANC,**<br>individually and on behalf of all others<br>similarly situated | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-201-SDD-RLB**<br>**C/W 14-218-SDD-RLB** |
| **EXXON MOBIL CORPORATION** | **Pertains to all cases.** |
| | **JURY TRIAL DEMANDED** |

## JOINT STATUS REPORT

Pursuant to the Court's February 26, 2015 order, Plaintiffs, Roger Jean LeBlanc, Karen M. Davis, and Ashley Guillory, and Defendants, Exxon Mobil Corporation and Exxon Mobil Refining & Supply Company (collectively, "Exxon"), hereby submit this joint status report.

A.  **JURISDICTION**

   **PLAINTIFFS' POSITION:**

Jurisdiction of the Court is presently based on 28 U.S.C § 1332(d)(6).  The class certification hearing was held on February 17, 18 and 19, 2015.  At the conclusion of the hearing the Court denied Plaintiffs' Motion for Class Certification and on March 17, 2015, the Court issued written reasons denying Plaintiffs' Motion for Class Certification.  Plaintiffs' Counsel has filed a Motion for Reconsideration of the Court's ruling regarding Class Certification and pending the outcome of said Motion, Plaintiffs' Counsel plans to file a Petition for Permission to Appeal to the U.S. Court of Appeals for the Fifth Circuit.

The Petition to Appeal does not stay this proceeding. Accordingly, Plaintiffs will move forward in this matter. Specifically, Plaintiffs will move this Court for leave to amend their

1

complaint to address the findings of the Court regarding class. Jurisdiction will be tied to these events, and the outcome after these several steps is not knowable at this time.

It is Plaintiffs' understanding that federal jurisdiction over the individual claims of named proposed Class Representatives, Roger Jean LeBlanc, Karen Davis and Ashley Guillory herein rests only pursuant to 28 U.S.C § 1332(d)(6). In the event Plaintiffs' Appeal is denied and no other federal basis for jurisdiction is established, this Court would no longer have jurisdiction over aforementioned individual plaintiffs as their claims are less than the $75,000.00, minimal requisite diversity amount.

**DEFENDANTS' POSITION:**

Contrary to Plaintiffs' position, this Court retains jurisdiction regardless of the outcome of plaintiffs' anticipated appeal. Plaintiffs brought their claims pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332 (d). CAFA defines "class action" as "any civil action *filed*" under Rule 23. 28 U.S.C. § 1332 (d) (1) (B). As the Fifth Circuit has recently held, "federal jurisdiction under the statutory provision of CAFA is explicitly concerned with the status of an action when *filed* — not how it subsequently evolves." *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 639 (5th Cir. La. 2014) (emphasis added). It is undisputed this action was filed as a class action pursuant to Rule 23 and § 1332 (d). It is well established that denial of class certification does not divest federal courts of jurisdiction regardless of whether the claim is originally filed in federal court or removed there. *Am. Nat'l Prop. & Cas. Co.*, 746 F.3d at 639-640 (citing and quoting *Metz v. Unizan Bank*, 649 F.3d 492, 500 (6th Cir. 2011); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009)). As the Fifth Circuit noted, "[e]very circuit that has addressed the question has held that post-removal events do not "oust" CAFA jurisdiction." *Id.* (*citing Vega*, 564 F.3d at 1268 n.12 ("non-certification, de-certification,

or severance do not deprive federal courts of subject matter jurisdiction."); *United Steel Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010) (agreeing with Vega that "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of time of filing"); *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th Cir. 2010) ("CAFA is, at base, an extension of diversity jurisdiction. Even in cases filed originally in federal court, later changes that compromise diversity do not destroy jurisdiction."); *Buetow v. A.L.S. Enters., Inc.*, 650 F.3d 1178, 1182 n.2 (8th Cir. 2011) ("[CAFA jurisdiction] continued despite the district court's denial of Plaintiffs' motion for class certification."); *Metz*, 649 F.3d at 500 (6th Cir. 2011) ("We agree with the other circuits that have addressed this issue and hold that denial of class certification does not divest federal courts of jurisdiction."))

B. **BRIEF EXPLANATION OF THE CASE**

1.  Plaintiff claims:

The proposed class action was brought by Plaintiffs on behalf of thousands of purchasers of contaminated fuel manufactured at Exxon Mobil's Baton Rouge Refinery facility and distributed to retail outlets in Louisiana. (Please see Section A).

2.  Defendants claim: In March, 2014, Exxon inadvertently released fuel in the Baton Rouge area containing atypical levels of unwashed gums (UWG). Exxon was not aware the released fuel was atypical until well after its release, when Exxon received notification of consumer complaints. While most motorists using the atypical fuel were completely unaffected, a small subset of motorists experienced a wide array of problems potentially attributable to the atypical fuel. These problems ranged from a single misfire to at least one instance of catastrophic engine failure. Exxon immediately initiated a robust claims handling process in an effort to resolve all legitimate claims. On April 3, 2014, Plaintiffs Roger Jean LeBlanc, Karen M. Davis, and Ashley Guillory filed a putative class action complaint against Exxon attempting to represent those affected by the atypical gasoline release. On April 10, 2014, Plaintiff James Smith filed a similar "Class Action Complaint" against Exxon. On June 18, 2014, this Court consolidated the Smith and Leblanc cases. On February 20, 2015, James Smith was dismissed from this

case.

Following extensive discovery and briefing on class certification issues, the Court held a class certification hearing.  On February 20, 2015, after hearing evidence and arguments from all parties, this Court denied Plaintiffs' Motion to Certify, finding Plaintiffs failed to carry their burden of establishing ascertainability, predominance, and superiority pursuant to Rule 23 and applicable case law.  Following the denial of class certification and dismissal of Smith, this suit is limited to Plaintiffs Roger Jean LeBlanc's, Karen M. Davis's, and Ashley Guillory's individual redhibition and unjust enrichment claims seeking the recovery of the purchase price of the atypical gasoline each allegedly purchased and causally related damages, if any.

C.  **PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):
1. Plaintiffs' Motion for Reconsideration (Doc. 147).  Plaintiffs also plan to file a Motion for Leave to Amend the Complaint.

D.  **ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

Plaintiff states:

    Please see Section A.

Defendant states:  Exxon states that the remaining issues identified below are in dispute:

1. Redhibition:

   a. Whether each Plaintiff purchased atypical fuel.

   b. If an individual Plaintiff purchased atypical fuel, whether the fuel was useless or so inconvenient as to that Plaintiff as to be deemed to have a redhibitory defect.

   c. If the atypical fuel contained a redhibitory defect as to any individual Plaintiff, the proper measure of damages, if any, recoverable by that Plaintiff.

   d. If the atypical fuel contained a redhibitory defect as to any individual Plaintiff, whether that Plaintiff experienced property damage proximately caused by the atypical fuel and the amount of those damages, if any.

   e. If any Plaintiff is entitled to redhibitory damages, the amount of credit due to Exxon for that Plaintiff's use of the fuel.

2. Unjust Enrichment

   a. Whether each Plaintiff purchased atypical fuel.

   b. Whether each Plaintiff experienced an impoverishment.

   c. Whether Exxon experienced an enrichment.

   d. Whether there exists a causal connection between the enrichment and the impoverishment.

   e. Whether there exists an absence of cause or justification for the enrichment and impoverishment.

   f. Whether each individual Plaintiff has any other remedy at law.

**DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. Plaintiff's calculation of damages:

   Please see Section A.

2. Defendant's calculation of offset and/or plaintiffs' damages:

   If a redhibitory defect is determined as to a specific Plaintiff, Exxon is entitled to present evidence in support of a credit for the value each specific Plaintiff received from the use of the atypical fuel. *See* La. Civ. Code art. 2545. As merit discovery is just now commencing, at this stage

5

    Exxon lacks sufficient evidence to calculate the value of this credit as to each of the three Plaintiffs.

  3. Counterclaimant/cross claimant/third party's calculation of damages:

    Not applicable.

E. **SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue:

  Plaintiffs' Position: Please see Section A.

  Defendants' Position: Not applicable.

F. **DISCOVERY**

  1. Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [X] YES [ ] NO

    A. Do any parties object to initial disclosures? [ ] YES [X] NO

    For any party who answered *yes*, please explain your reasons for objecting.

    B. Please provide any stipulations reached by the parties with regard to FRCP 26(a)(1) initial disclosures.  Not applicable.

  2. Briefly describe any discovery that has been completed or is in progress: By plaintiff(s):  Please See Section A.

    By defendant(s):  Discovery has been completed regarding all class certification issues.  Additionally, because overlap existed between some class certification and merit issues, much discovery as to the nature of the atypical fuel has been completed.  Remaining discovery will focus on the three Plaintiffs' individual redhibition and unjust enrichment claims.

  3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any

6

    confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

    By defendant(s): This Court previously entered a Stipulated Protective Order and Confidentiality Agreement (Doc. 37).

4. Discovery from experts: Identify the subject matter(s) as to which expert testimony will be offered:

    By plaintiff(s): Please see Section A.

    By defendant(s): Whether fuel purchased by each individual plaintiff was atypical and whether and to what extent that fuel was the cause of any lack of usefulness, inconvenience, or alleged damage claimed by each specific plaintiff.

G. **PROPOSED SCHEDULING ORDER**

By plaintiffs: Please See Section A.

By defendant: Counsel for Exxon spoke with counsel for Plaintiffs on March 17, 2015. Plaintiffs are unwilling to offer or agree to case management dates or deadlines pursuant to the Court's Order. Accordingly, below are case management dates and deadlines offered by Exxon for the orderly and expeditious resolution of this lawsuit.

1. Exchanging initial disclosures required by FRCP 26(a)(1): The Parties previously exchanged initial disclosures.

2. Recommended deadlines for amending the complaint, or adding new parties, claims, counterclaims or cross claims: Per Court Order, the time to amend the pleadings has passed. Pursuant to the Court's previously entered scheduling order, any party desiring to amend the pleadings to add new parties, claims, counterclaims, or cross claims must have done so no later than October 15, 2014.

3. Filing all discovery motions and completing all merit discovery except experts: June 18, 2015.

4. Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

    Plaintiff(s): June 18, 2015. Defendant(s): August 3, 2015.

    5.       Exchange of expert reports: Plaintiff(s): <u>June 18, 2015</u>.  Defendant(s): <u>August 3, 2015.</u>

    6.       Completion of discovery from experts: <u>August 18, 2015</u>.

    7.       Filing dispositive motions and Daubert motions: <u>September 18, 2015.</u>

    8.       All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters[1]. The parties should not provide any proposed dates for these remaining deadlines.

---

[1] The date ranges provided for the new deadlines, pre-trial conference, and trial date are a general guideline only. The actual dates may vary depending on the complexity of a particular case. All requests for subsequent changes to the deadlines set in the scheduling order under number 7 must be by motion directed to the presiding judge.

    a.       Deadline to file pre-trial order (approximately 16 weeks after dispositive motion deadline).

    b.       Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    c.       Deadline to file responses to motions in limine (approximately 22-24 weeks after dispositive motion deadline).

    d.       Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    e.       Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive motion deadline).

        f.        Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

        g.        Trial date (approximately 27-29 weeks after dispositive motion deadline).

9.        If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

H.    **TRIAL**

    1.    Has a demand for trial by jury been made?

        [X] YES   [ ] NO

    2.    Estimate the number of days that trial will require.

        By Defendant: One day per plaintiff.

I.    **OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

        [X ] YES   [] NO

    1.    If the answer is *yes*, please explain:

Plaintiffs' Position: Please see Section A. It is Plaintiffs' understanding that federal jurisdiction over the individual claims of named proposed Class Representatives, Roger Jean LeBlanc, Karen Davis and Ashley Guillory herein rests only pursuant to 28 U.S.C § 1332(d)(6). In the event Plaintiffs' Appeal is denied and no other federal basis for jurisdiction is established, this Court would no longer have jurisdiction over aforementioned individual plaintiffs as their claims are less than the $75,000.00, minimal requisite diversity amount.

    2.    If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out

in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

[] YES    [X] NO

J. **SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

    By Plaintiffs: It is Plaintiffs' position that Exxon's voluntary claims handling criteria for reimbursement and repair is extremely narrow and the claims process stops well short from properly compensating consumers who purchased and were harmed by defective gas.

    By Defendants: Exxon's voluntary claims handling process is still open and available to any persons claiming damage from the atypical fuel release. Outside of this voluntary claims handling process, Exxon has not engaged in settlement discussions with plaintiffs.

2. Do the parties wish to have a settlement conference: [ ] YES    [X] NO

If your answer is *yes,* at what stage of litigation would a settlement conference be most beneficial?

K. **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ] YES        [X] NO

**If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the <u>attached form</u> to indicate your consent.**

This 19th day of March, 2015.

Respectfully Submitted,

| | |
|---|---|
| /s/ Eric J. O'Bell | /s/ Angela M. Spivey |
| Eric J. O'Bell (La. #26693) | Angela M. Spivey |
| Charles F. Zimmer (La. # 26759) | (*admitted Pro Hac Vice*) |
| O'Bell Law Firm, L.L.C. | Andrew G. Phillips |
| 3500 North Hullen Street | (*admitted Pro Hac Vice*) |
| Metairie, LA 70002 | McGuireWoods LLP |
| | 1230 Peachtree Street, NE |
| John H Smith (La. #23308) | Promenade, Suite 2100 |
| Loren D. Shanklin (La. #33366) | Atlanta, Georgia  30309-3534 |
| Alicia Sosa (La. #34101) | |
| Smith Shanklin Law Firm | Ronald G. Franklin |
| 16851 Jefferson Hwy | (*admitted Pro Hac Vice*) |
| Suite 5A | Kelly Beth Hapgood |
| Baton Rouge, LA 70817 | (*admitted Pro Hac Vice*) |
| | McGuireWoods LLP |
| Daniel E. Becnel (La. #2926) | 600 Travis Street |
| Salvadore Christina, Jr. (La. #27198) | Suite 7500 |
| Becnel Law Firm, LLC | Houston, Texas  77002 |
| P.O. Drawer H | |
| Reserve, LA 70084 | /s/ William D. Lampton |
| | James C. Percy (#10413) |
| Paul M. Brannon (La. #22269) | William D. Lampton (#29940) |
| Brannon Law Firm, LLC | Jones Walker LLP |
| 3500 North Hullen Street | 8555 United Plaza Blvd., 5th Floor |
| Metairie, LA 70002 | Baton Rouge, Louisiana 70809 |
| | |
| *Counsel for Plaintiffs* | *Attorneys for Exxon Mobil Corporation and Exxon Mobil Refining & Supply Company* |

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2015, I electronically filed the foregoing *Joint Status Report* with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to all counsel of record.

/s/ Eric J. O'Bell
Eric J. O'Bell